**IMG-029**                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2365
_____

SONG JIN WU,
Petitioner

v.

ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA,
Respondent
_____

Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A098-714-045)
Immigration Judge:  Honorable Eugene Pugliese
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 8, 2012

Before:  RENDELL, VANASKIE and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 17, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM

Song Jin Wu petitions for review of a final order of the Board of Immigration

Appeals (BIA) affirming the decision of the Immigration Judge (IJ) denying asylum,

withholding of removal, and relief under the Convention Against Torture (CAT).  We

will deny the petition for review.

Wu is a citizen of China. He arrived in the United States in 2005, and was charged by the Department of Homeland Security as being removable under section 212(a)(6)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(6)(i), as an alien who was present in the United States without being admitted.

Wu conceded that he was removable as charged, but applied for asylum, withholding of removal, and CAT protection. In his first application, Wu alleged that he feared that if he returned to China, he would be punished for leaving without permission. He subsequently filed a second application, in which he claimed that he was entitled to relief because the Chinese government had persecuted him for practicing Falun Gong. More specifically, he alleged that after government agents observed him practicing, they beat him, imprisoned him for a month, and continued to beat him throughout his imprisonment.

The IJ determined that Wu was not credible and denied all relief. The IJ based its credibility determination on, among other things, the discrepancies between Wu's first and second asylum applications, inconsistent testimony that he provided at his hearing, and his demeanor.[1] The IJ also held that Wu had failed to present any evidence that it was more likely than not that he would be tortured if he returned to China, and thus rejected Wu's CAT claim. Wu appealed to the BIA, which found no error in the IJ's

---

[1] The IJ also faulted Wu for failing to corroborate his practice of Falun Gong. Because the adverse credibility determination is dispositive, we need not reach the corroboration issue. See generally Chen v. Gonzales, 434 F.3d 212, 221 (3d Cir. 2005).

decision and thus dismissed the appeal.

Wu filed a timely petition for review in this Court. He has since filed a motion to expand the record. Now represented by new counsel, Wu contends that his counsel at the administrative hearing was ineffective, and seeks to expand the record to show that he has filed a complaint against his former lawyer.

The Court reviews agency factual determinations, including credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Because Wu filed his asylum application after May 11, 2005, the provisions of the REAL ID Act governing credibility determinations apply. See Chukwu v. Att'y Gen., 484 F.3d 185, 189 (3d Cir. 2007). Prior to the implementation of the REAL ID Act, minor omissions or inconsistencies that did not go to the heart of an asylum applicant's claim were insufficient to support adverse credibility determinations. See Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). Under the REAL ID Act, meanwhile, a trier of fact may base a credibility determination on any inconsistencies, without regard to whether they relate to the heart of the alien's claim. § 1158(b)(1)(B)(iii); see also id. (providing that credibility determinations may be based on, among other things, "the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account . . . the internal consistency of each such statement, the consistency of such statements with other evidence of record . . ., and any inaccuracies or falsehoods in such statements").

3

As a preliminary matter, we will deny Wu's motion to supplement the record. The INA provides that "the court of appeals shall decide the petition only on the administrative record on which the order of removal is based," 8 U.S.C. § 1252(b)(4)(A) (emphasis added), and, as a consequence, we are precluded from considering evidence that is not part of the administrative record, see, e.g., Garcia v. INS, 239 F.3d 409, 411 n.1 (1st Cir. 2001). Likewise, Wu has failed to exhaust his claim that his previous counsel performed deficiently, which prevents us from addressing it. See Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003).

On the merits, we conclude that substantial evidence supports the agency's decision to reject Wu's credibility. While Wu now argues that he was beaten and imprisoned for practicing Falun Gong, he made no reference to those incidents in his initial application. It was reasonable for the agency to expect him to mention such a brutal, traumatic event in his first application; his failure to do so supports the adverse credibility determination. See Xie v. Ashcroft, 359 F.3d 239, 243 (3d Cir. 2004); see also Zamanov v. Holder, 649 F.3d 969, 973 (9th Cir. 2011) (holding that the agency may reasonably question an applicant's credibility where the "applicant presented substantially different accounts of mistreatment in successive asylum petitions").

The record also supports the other parts of the agency's finding. For instance, Wu provided a shifting account of the day of his arrest. He first testified that he was arrested while practicing Falun Gong with seven or eight people. He went on to say, however,

4

that he was the only person arrested because the others ran away. When asked why he did not also escape, he stated that he was the only person who had arrived to practice. Finally, it was appropriate for the IJ to consider Wu's demeanor in making his credibility determination, see Chen v. Gonzales, 434 F.3d 212, 220 (3d Cir. 2005), and this Court accords substantial deference to these observations, see Dia v. Ashcroft, 353 F.3d 228, 252 n.23 (3d Cir. 2003) (en banc). Thus, the adverse credibility finding is supported by ample evidence.

Wu argues that the adverse credibility determination cannot stand because it was the product of translation problems. As an initial matter, this argument fails to account for the starkly different theories that Wu provided in his two asylum applications, which cannot be attributed to faulty translation at the hearing. Moreover, although Wu's answers were occasionally somewhat non-responsive, we are not persuaded that this was the result of difficulties with the translation. After Wu answered a question in a seemingly non-responsive way, the IJ questioned both Wu and the translator, each of whom assured the IJ that they were having no trouble communicating. Wu argues that this case resembles Issiaka v. Attorney General, 569 F.3d 135, 141-43 (3d Cir. 2009), where we did grant relief on this basis. However, in Issiaka, the applicant repeatedly asked to have questions repeated, the government's counsel (who spoke the applicant's language) consistently interjected to correct translations, and the transcript was replete with notations of "indiscernible." The transcript here does not contain similar indications of translation problems, and accordingly, we reject Wu's contention that the state of the

record prevents meaningful review.

Finally, Wu argues that the BIA erred in denying his CAT claim. We disagree. Even putting aside the adverse credibility determination, which is arguably fatal to this claim, see generally Tarrawally v. Ashcroft, 338 F.3d 180, 187-88 (3d Cir. 2003), we discern no error in the BIA's determination that Wu failed to meet the burdensome CAT standard.

Accordingly, we will deny the petition for review and deny the motion to supplement the record.